FILED
2007 Jul-27 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOYCE PERKINS, Personal representative of Estate of Elbie Chism, ) ) ) ) | |
| Appellant, ) ) | |
| vs. ) ) | Civil Action No.: CV-06-S-2259-S |
| BRENDA C. ELDRIDGE, ) ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on appeal from the United States Bankruptcy Court for the Northern District of Alabama. Appellant Joyce Perkins is the personal representative of the Estate of Elbie Chism. Appellee Brenda C. Eldridge is the debtor in the bankruptcy proceeding.

Mrs. Elbie Chism was the debtor's mother.[1]  Eldridge was appointed as guardian for her mother and conservator of her mother's estate on November 12, 1996.[2]  At that time, Mrs. Chism was suffering from serious medical problems, and she died almost six years later on June 13, 2002.[3]  Eldridge and her immediate family

---

[1] *See* ROA doc. no. 1, Mem.Op. at 4.

[2] *See id*.

[3] *See id*.

cared for Mrs. Chism around the clock in their home until Mrs. Chism died.[4]

At the time of Eldridge's appointment as guardian and conservator, the probate court set a bond in the amount of $10,000 that was posted by Eldridge's surety company.[5] Shortly after her appointment, Eldridge filed an inventory of Mrs. Chism's estate with the probate court on November 19, 1996.[6] The inventory indicated that Mrs. Chism's estate consisted of her house, a $4,300 certificate of deposit at the First National Bank of Jasper, $730 a month in social security benefits, and $65 per month in pension benefits.[7]

In February, the following year, Eldridge sought and obtained an order from the probate court permitting her to use $806.47 each month from Mrs. Chism's estate for her support and maintenance (*i.e.*, all of the income Mrs. Chism was receiving from her pension and social security).[8] Eldridge also obtained an order from the probate court authorizing her to sell Mrs. Chism's home by private sale for $50,000.[9]

In response to a "Motion to be Relieved on Bond" filed by Eldridge's surety, the probate court entered an order on September 13, 2001, removing Eldridge as

---

[4] *See* ROA doc. no. 1, Mem. Op. at 4.
[5] *See id.*
[6] *See id.*
[7] *See id.* at 4-5.
[8] *See id.* at 5.
[9] *See id.*

conservator of Mrs. Chism's estate and directing her to file a final settlement within thirty days.[10]  Eldridge did not file a final settlement; thus on May 9, 2002, the probate court directed Eldridge's surety to file a final settlement within thirty days.[11]  Mrs. Chism died on June 3, 2002.[12]

Eldridge's surety filed a "Petition for Final Settlement by Surety" on November 21, 2002.[13]  The petition revealed, among other things, that Mrs. Chism's house had been sold, but that the proceeds of the sale could not be accounted for in the conservatorship bank account.[14]  The probate court held a hearing on the surety's petition for final settlement on January 29, 2003, and entered a judgment against Eldridge that same day.[15]  The probate court's order provided in relevant part:

> It appears to the Court that the said Trinity Universal Surety Company, as Surety, is chargeable with the sum of $59,775.85, as shown by its account of the assets received by it, in addition to the following charges:
>
> | | |
> |---|---|
> | Court costs | $     846.00 |
> | Earnest money charged back on sale of house | $10,000.00 |
> | Charge back on sale of house | $40,068.50 |
> | Charge back on Certificate of Deposit | $  4,300.00 |

---

[10] *See* ROA doc. no. 1, Mem. Op. at 5.

[11] *See id.*

[12] *See id.*

[13] *See id.*

[14] *See id.* at 6.

[15] *See id.* at 7-8.

leaving a total charge of the sum of $114,990.35, due [the estate of Mrs. Chism].

Whereas it appears to the Court that the said former Conservator, Brenda Eldridge, has breached her fiduciary duty to her said Ward, therefore a Judgment is rendered against Brenda Eldridge and her bond company, Trinity Universal Surety Company, in favor of the Deceased estate of Elbie Chism, in the sum of $114, 990.35, and Judgment ordered to be paid to Jefferson County Probate court Trust Fund for the Personal Representative of the Deceased estate of Elbie Chism. Trinity Universal Surety Company is hereby ordered to pay the penal sum of their bond in the amount of $10,000.00 to the Jefferson County Probate Trust Fund. **Upon payment of said sum, the Court is directed to transfer and assign said judgment to the payor.**[16]

The Decree on Final Settlement dated January 29, 2003, provides:

WHEREAS, in the above state of Elbie Chism, a Protected Person, now Deceased, it is the opinion of the Court that the former Conservator, Brenda Eldridge, has breached her fiduciary duty to her said Ward, and Judgment is hereby rendered against Brenda Eldridge and her surety, Trinity Universal Surety Company, in favor of the Deceased estate of Elbie Chism, in the sum of $114, 990.35. Trinity Universal Surety Company is hereby ordered to pay the penal sum of their bond in the amount of $10,000.00 to the Jefferson County Probate Court Trust Fund.

It is therefore ORDERED, ADJUDGED, AND DECREED that upon payment of said sum to the Jefferson County Probate Court Trust Fund for Personal Representative of the Deceased estate of Elbie Chism, **the said Court is directed to transfer and assign said judgment to the payor**.[17]

---

[16] ROA doc. no. 1, Mem. Op. at 8.

[17] *Id*. at 9.

Appellee Eldridge filed her Chapter 7 bankruptcy petition on May 20, 2005.[18] The "Estate of Elbie Chism, a protected person now deceased," filed an adversary proceeding on August 22, 2005.[19] Nothing in the bankruptcy complaint suggested that an administration of Mrs. Chism's estate had been instituted in the probate court, or that any will had been submitted for probate to that court, or that a personal representative had been appointed to administer Mrs. Chism's estate.[20]

In the adversary proceeding below, the "Estate of Elbie Chism" acknowledged that the surety had paid the amount of its bond into the probate court.[21] The bankruptcy court concluded:

> . . . pursuant to the probate court's decree and judgment, and the plaintiff's acknowledgment that the surety paid the $10,000 ordered by the probate court, that the judgment on which the plaintiff [Estate of Elbie Chism] relies was assigned and transferred to the surety when it paid the money into court. **At that moment, the judgment became the absolute property of the surety company and Mrs. Elbie Chism's estate was, consequently, divested of any interest in the judgment**.[22]

Thus, the bankruptcy court determined that the Estate of Elbie Chism, the plaintiff in the adversary proceeding, did not have standing to bring the suit. According to the bankruptcy court:

---

[18] *See* ROA doc. no. 1, Mem. Op. at 9.

[19] *Id*.

[20] *See id*.

[21] *See id*. at 11.

[22] *Id*. (emphasis in original).

> When the judgment subject to the complaint before this Court was assigned to the surety company, Mrs. Chism's estate lost all rights in that judgment and whatever rights that estate may have otherwise had to enforce that judgment against Mrs. Eldridge were terminated as a result of the assignment and transfer of the same to the surety. Consequently, the plaintiff has no right or authority on its own behalf or on behalf of the judgment's true owner, the surety company, by way of this adversary proceeding. Therefore the plaintiff does not have standing to bring the action now pending before this Court[,] and the pending complaint is due to be dismissed.[23]

The bankruptcy court further found even if the judgment of the probate court had not been assigned and transferred to Mrs. Eldridge's surety, based on the facts before it, plaintiff [appellant] still lacked standing necessary to file or maintain the adversary proceeding because, under Alabama law, "only the decedent's personal representative has specific statutory authority to file and prosecute lawsuits on behalf of said decedent's estate."[24] Thus, the bankruptcy court concluded that even if the probate court's judgment had not been transferred and assigned to Mrs. Eldridge's surety, dismissal of the proceeding would still be required because it was not filed by the decedent's personal representative.[25]

Appellant filed a notice of appeal from the order dismissing the case entered on August 30, 2006.[26] No other notice of appeal was filed from any subsequent

---

[23] ROA doc. no. 1, Mem. Op. at 12.

[24] *Id*. at 13.

[25] *Id*. at 14.

[26] *See* ROA doc. no. 4.

orders of the bankruptcy court.[27]

## DISCUSSION

A district court assumes the role of an appellate court when reviewing the decision of a bankruptcy court. *See* 28 U.S.C. § 158(a). A bankruptcy court's findings of fact must be upheld on appeal unless deemed clearly erroneous. *See* Bankr. R. 8013; *In re Downtown Properties, Ltd.* 794 F.2d. 647, 651 (11th Cir. 1986). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum,* 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948). Determinations of law, on the other hand, are reviewed under a *de novo* standard of review. *See In re Kalter*, 292 F.3d 1350, 1352 (11th Cir. 2002).

Appellant brings this challenge to the order of the bankruptcy court dismissing the adversary proceeding and files a brief that primarily addresses the merits of the case, but fails to adequately address the major issue looming over this entire matter—*i.e.* appellant's lack of standing. Instead, appellant makes arguments on the basis of "equity and good conscience" which this court cannot address *unless* appellant has standing to proceed. Most of the arguments presented by appellant are

---

[27] *See* doc. no. 8 at 22-24.

not even appropriately brought in a bankruptcy proceeding, but lie instead before the probate court that issued the original judgment transferring all interests to the surety. Appellant's failure to address the foremost issue of standing leads to the inescapable conclusion that the decision of the bankruptcy court is due to be affirmed. As appellee points out, "any request for Joyce Perkins as personal representative to become a party" was made for the first time as part of a Motion to Alter, Amend or Vacate the Final Judgment which was denied by the bankruptcy court on November 27, 2006.[28] Appellant never filed an additional notice of appeal from the order denying that motion.[29] Again, there is no discussion of the alternative ground provided by the bankruptcy court to support the conclusion that appellant lacked standing to proceed on behalf of the Estate of Elbie Chism. Appellant has failed to present any argument that adequately shows she had standing to file the adversary proceeding before the bankruptcy court.

Accordingly, the judgment of the bankruptcy court is AFFIRMED. Costs are taxed to the appellant, and the clerk is directed to close this file.

DONE this 27th day of July, 2007.

/s/ Lynwood Smith
United States District Judge

---

[28] Doc. no. 8 at 22-23.

[29] *See id.* at 23.